```
           IN THE UNITED STATES DISTRICT COURT FOR THE
                   EASTERN DISTRICT OF VIRGINIA
                         Alexandria Division

UNITED STATES OF AMERICA,        )
        Appellee,                )
                                 )
v.                               )
                                 )      1:07cr242
PATRICIA CREPEAU,                )
                                 )
        Defendant/Appellant.     )
```

**MEMORANDUM OPINION**

The defendant/appellant, Patricia Crepeau, has appealed a magistrate judge's order granting the United States' Motion to Dismiss with Prejudice the sole charge against Crepeau of taking photographs on the Pentagon Reservation without approval, in violation of 32 C.F.R. § 234.15. For the reasons set forth below, the magistrate judge's decision will be affirmed.[1]

**Background**

On April 6, 2007, Patricia Crepeau was observed by Pentagon Police officers taking photographs of a peaceful demonstration on the Pentagon Reservation without approval in violation of 32 C.F.R. § 234.15.[2] When a Pentagon officer approached Crepeau, she confirmed that she was in possession of a camera and that she had been warned by the demonstrators that she could not take

---

[1] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before us and argument would not aid the decisional process.

[2] Section 234.14(a) states, "The use of cameras or other visual recording devices on the Pentagon Reservation is prohibited, unless the use of such items are [sic] approved by the Pentagon Force Protection Agency, the Installation Commander, or the Office of the Assistant to the Secretary of Defense for Public Affairs."

photographs on the Pentagon Reservation. The officer was unable to access the photos on Crepeau's camera, so he confiscated it in order to ensure that no classified photos had been taken.[3] Crepeau was then issued a Violation Notice with an optional court date of May 18, 2007.

Crepeau appeared at the court on May 18, 2007 and met with counsel for the government, who advised her that the government had reviewed her case and had decided to dismiss the case based on the nature of the offense and her lack of criminal history. When Crepeau's case was called, the government moved for the dismissal with prejudice of the pending charge. Crepeau objected to dismissal and requested an "acquittal" of the charge. The magistrate judge granted the government's motion, dismissed the charge with prejudice, and explained to Crepeau that it was within the United States' discretion to dismiss the charge.

Crepeau subsequently appealed the dismissal of the charge. In lieu of an appeal brief, Crepeau filed a letter in which she challenged the constitutionality of the governing regulation and asked the Court to reconsider "the unfortunate dismissal of this case" because "dismissal sends the wrong message." The government argues that Crepeau has no standing to appeal the dismissal of the charge because she has not been legally aggrieved, and that

---

[3] Although Crepeau has apparently been unable to secure the return of her camera, she does not allege that the Pentagon officer is unwilling to return it. With the issuance of this Memorandum Opinion, this criminal case is resolved and Crepeau's camera should be returned to her forthwith.

the dismissal of the charge lies squarely within the government's discretion.

## Discussion

In reviewing the decision of a magistrate judge, a district court applies the same standard of review as would a court of appeals reviewing a decision of a district court. Fed. R. Crim. P. 58(g)(2)(D). Accordingly, the magistrate judge's conclusions of law are reviewed de novo and her factual conclusions reviewed for clear error. Ornelas v. United States, 517 U.S. 690, 699 (1996); United States v. McKinnon, 92 F.3d 244, 246 (4th Cir. 1996).

The government argues that Crepeau has no standing to challenge the magistrate judge's order granting the government's motion to dismiss with prejudice the charge against her. Indeed, a criminal defendant has no standing to appeal a final dismissal order unless she is legally aggrieved. When a charge is dismissed with prejudice, the would-be defendant is no longer aggrieved. See United States v. Lanham, 631 F.2d 356, 358 (4th Cir. 1980) (citing Parr v. United States, 351 U.S. 513, 516 (1956)). It is long-established that an accused is not aggrieved by entry of "an order of the court releasing and discharging him from further prosecution." Lewis v. United States, 216 U.S. 611, 612 (1910); see also Parr, 351 U.S. at 516-17 ("Only one injured by the judgment sought to be reviewed can appeal, and...petitioner has not been injured by [the prosecution's] termination in his

3

favor").

In this case, the government moved to dismiss with prejudice the single charge against the defendant. The magistrate judge's order granting dismissal released and discharged Crepeau from further prosecution. With the termination of the case in her favor, Crepeau is no longer legally aggrieved and therefore has no standing to challenge the constitutionality of the statute or the magistrate judge's order dismissing the charge.[4]

Even if Crepeau had standing to challenge the dismissal of her case, her appeal would still fail because, as the government argues, it is within the explicit discretion of the United States to decide what cases it will pursue. "In our criminal justice system, the government retains 'broad discretion' as to whom to prosecute." Wayte v. United States, 470 U.S. 598, 607 (1958) (citing United States v. Goodwin, 457 U.S. 368, 380 n.11 (1982)). "'[So] long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion.'" Wayte, 470 U.S. at 607 (quoting Bordenkircher v. Hayes, 434 U.S. 357, 364 (1978)).

Federal Rule of Criminal Procedure 48(a) provides that "the government may, with leave of court, dismiss an indictment, information, or complaint." Although the rule also grants

---

[4] Crepeau's decision to come to court to challenge the violation was entirely voluntary.

authority to the Court to deny such a motion for dismissal, that discretion "is not broad." United States v. Goodson, 204 F.3d 508, 512 (4th Cir. 2000). In fact, "the court must grant the government's Rule 48(a) motion unless the court concludes that to grant it would be clearly contrary to manifest public interest, determined by whether the prosecutor's motion to dismiss was made in bad faith." Id. (emphasis in original); see also United States v. Perate, 719 F.2d 706, 710 (4th Cir. 1983) (A Rule 48(a) motion must be granted "absent a finding of bad faith or disservice to the public interest.").

The government asserts that the decision to dismiss the charge against Crepeau was made following a review of the defendant's criminal history and the nature of the pending charge against her. The defendant has made no allegation of bad faith with regard to the dismissal of the charge and the magistrate judge made no findings of bad faith. Although the defendant argues that the public has an interest in having the regulation that prohibits the taking of photographs on Pentagon property evaluated, such an interest is not specific enough to undermine the magistrate judge's decision to grant the government's motion. The United States was clearly within its authority to move for the dismissal of the charge and the granting of the motion was within the magistrate judge's discretion.

## Conclusion

For the above-stated reasons, the decision of the magistrate judge will be affirmed. An appropriate Order will issue with this

5

Opinion.

    Entered this 7th day of August, 2007.

                                             /s/
                                   Leonie M. Brinkema
                                   United States District Judge

Alexandria, Virginia